CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

APR 14 2016

JULIA C. DUDLEY, CLERK
BY: s/H. McDonald
     DEPUTY CLERK

| | |
|---|---|
| BETTY A. STARR, | ) |
| Plaintiff, | ) Case No. 4:15-cv-00050 |
| v. | ) **MEMORANDUM OPINION** |
| GATEWAY HEALTH ALLIANCE, INC., | ) By: Hon. Jackson L. Kiser |
| Defendant. | ) Senior United States District Judge |

Before me is Defendant Gateway Health Alliance, Inc.'s, Motion to Dismiss [ECF No. 6]. The parties waived oral argument and submitted the motion on the briefs. I have reviewed the briefs, pleadings, and arguments of counsel, and the matter is now ripe for disposition. For the reasons stated herein, Defendant's Motion to Dismiss will be denied.

## I.   STATEMENT OF FACTS AND PROCEDURAL BACKGROUND[1]

Plaintiff Betty Starr ("Plaintiff") began working as a contract employee for Defendant Gateway Health Alliance, Inc. ("Defendant") in 1998, and was hired as Defendant's Director of Medical Management in 2000. (Compl. ¶ 8 [ECF No. 1].) She held that position until she was terminated in November of 2014. (Id.)

Defendant's executive director is Brett Jackson ("Jackson"). Plaintiff alleges that, on a number of occasions, Jackson told her to never hire someone over fidty years of age, and that he preferred employees in their twenties or thirties. (Id. ¶ 9.)

In March 2014, Plaintiff was diagnosed with breast cancer.[2] (Id. ¶ 10.) She underwent a mastectomy in April and began chemotherapy the next month. (Id.) She notified Defendant of

---

[1] The facts are taken from Plaintiff's Complaint. For the purposes of this Motion only, Plaintiff's factual allegations are accepted as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Her legal conclusions—if any—are not entitled to deference.

her medical condition, missed approximately one month of work to recover from her mastectomy, and missed approximately one week per month as a result of her chemotherapy treatments. (Id. ¶ 11.) Despite these absences, Plaintiff continued to perform her job and, in fact, even filled in for absent staff nurses from time to time. (Id.)

Approximately seven months later, on November 18, 2014, Plaintiff received a letter from Jackson and John Larson (Defendant's general manager) informing her that she could accept a new position at a lower salary or voluntarily resign. (Id. ¶ 13.) In the letter, Plaintiff was instructed to "leave [Defendant's] premises," but it did not indicate when or if she could return. (Id. ¶ 14.) On November 19, Plaintiff received a text message from Larson informing her that the two options presented in the letter would expire on November 21. (Id. ¶ 15.) At some point, Plaintiff received a letter dated November 19 informing her that she was terminated for "trespassing" on Defendant's property. (Id. ¶ 16.)

At the time of her termination, Plaintiff was fifty-four years old. (Id. ¶ 17.) She asserts that Defendant replaced her with a younger employee. (Id.)

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and received a Notice of Rights letter on September 8, 2015. She filed suit in this Court on December 1, 2015, alleging violations of the Americans with Disabilities Act (id. ¶¶ 18–23) and the Age Discrimination in Employment Act (id. ¶¶ 24–27). Defendant filed a Motion to Dismiss challenging the sufficiency of Plaintiff's allegations with respect to her claim of age discrimination ("the Motion"). (See Def.'s Br. in Supp. of Mot. to Dismiss pg. 2, Mar. 3, 2016 [ECF No. 7].) The matter was fully briefed by the parties, and the Motion was submitted

---

[2] Defendant does not challenge the sufficiency of the pleadings with regard to Plaintiff's Americans with Disabilities Act claim. (see Compl. ¶¶ 18–23.) As such, the allegations related solely to that count are truncated herein.

without oral argument. (See Pretrial Order ¶ 5, March 4, 2016 [ECF No. 10].) The matter is now ripe for disposition.

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In determining facial plausibility, the court must accept all factual allegations in the Complaint as true. Id. The Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (internal quotation marks omitted). Therefore, the Complaint must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

## III. DISCUSSION

The only issue before the Court is whether Plaintiff's Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Defendant argues that Plaintiff has failed to allege that she was performing her job satisfactorily, and that Plaintiff was replaced by a "substantially" younger employee. Plaintiff counters that she need not plead every element of a

prima facie case of discrimination; all she must do is plead sufficient factual matter that, if proven at trial, would entitle her to relief.

I agree with Defendant that Plaintiff's Complaint lacks the detail one might desire,[3] but I also agree with Plaintiff that her Complaint "gives [Defendant] fair notice of the basis of [Plaintiff's] claim." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). Plaintiff alleges that she was employed by Defendant, performed her job despite her illness, was fired, and was replaced by someone younger. While she has not expressly pleaded facts establishing every element of a prima facie case of age discrimination, "an employment discrimination complaint need not include such facts and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. at 508 (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiff's factual allegations raise the right to relief above the speculative level and "allege[s] facts sufficient to state all the elements of [the] claim." E.I. Dupont de Nemours & Co., 324 F.3d at 765. In order to succeed on her claim, Plaintiff will be required to prove: (1) she is a member of the protected class; (2) she was qualified for her job; (3) she was fired despite having the requisite qualifications and despite performing her job to her employer's legitimate expectations; and (4) she was replaced by a substantially younger individual with comparable qualifications. Warch v. Ohio Cas. Ins. Co., 435 F.3d 510, 513 (4th Cir. 2006).

While Plaintiff has not specifically pleaded that she was meeting her employer's legitimate expectations, the facts she has adduced could plausibly support that finding if proven at trial. During the period in question, Plaintiff continued to perform both her job and the jobs of other absent employees. (See Compl. ¶ 11.) Those allegations, accepted as true, can establish

---

[3] Perhaps counsel could have conferred and found a far better and much simpler solution to their present squabble, obviating the need for the present Motion. This would have saved counsels' time, their clients' money, and the Court's resources. It also would have complied with Rule 1 of the Federal Rules of Civil Procedure, which mandates that the Court and the parties utilize the Rules "to secure the just, **speedy, and inexpensive** determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added).

- 4 -

that she was performing her job satisfactorily. Moreover, Plaintiff's allegations establish that she continued to perform her job from May until November—a span of more than seven months—without incident, further supporting the conclusion that she was performing her job satisfactorily.

Likewise, Plaintiff does not allege the age of the individual who replaced her. Nevertheless, she did allege that she was replaced by a "younger" employee (id. ¶ 17) and that the executive director had expressed a preference for "employees in their 20's and 30's" (id. ¶ 9). These allegations, taken in conjunction and accepted as true, raise the right to relief above the speculative level and, if proven, could entitle Plaintiff to the relief she seeks. Accordingly, she has plead sufficient factual matter to survive the present motion to dismiss.

## IV. CONCLUSION

Although Plaintiff's Complaint is not as detailed as one might like, it does skirt past the low threshold required for pleading under Rule 8. Defendant's Motion to Dismiss will be denied.

Entered this 14th day of April, 2016.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE